**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JIANGUO WU,

              Petitioner,

  v.

JEFFERSON B. SESSIONS III, Attorney
General,

              Respondent.

No.   14-70795

Agency No. A088-121-054

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2017**
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and PAYNE,*** District Judge.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***      The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

**1.** The Immigration Judge (IJ) found that Jianguo Wu's testimony in support of his application for asylum and withholding of removal was not credible, and the Board of Immigration Appeals (BIA) upheld that finding. Substantial evidence supports the BIA's determination. The BIA permissibly relied on two "inaccuracies or falsehoods" in Wu's testimony that, in light of the totality of the circumstances, bear on Wu's veracity. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011).

First, Wu listed different home addresses in China on his visa application and his asylum application. The IJ asked Wu why the addresses were different and, when she found the first answer unpersuasive, offered Wu a second chance to provide an explanation. The BIA did not fail to consider the two explanations Wu gave. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). Instead, it considered the explanations and adequately explained why it found neither explanation credible. *See Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015). The home addresses related to the claim for relief because one of the addresses was of a residence affiliated with the hotel connected to the alleged persecution, but the other was not.

Second, Wu provided inconsistent evidence regarding which hotel he worked for in China and when he stopped working there. The IJ gave Wu an

opportunity to explain this inconsistency, *see Joseph v. Holder*, 600 F.3d 1235, 1244–45 (9th Cir. 2010), but Wu's explanation was that he listed false employment information on his visa application. The BIA was entitled to rely on this inconsistency or falsehood, particularly because Wu's inability to find employment in China related to his claim for relief.

Without credible testimony, Wu failed to establish that he is eligible for asylum or withholding of removal. *See Jie Cui v. Holder*, 712 F.3d 1332, 1337–38 (9th Cir. 2013).

**2.** Substantial evidence also supports the BIA's determination that Wu is not eligible for relief under the Convention Against Torture. Aside from his testimony, Wu presented a State Department report on China which explains that political prisoners are especially likely to be tortured and that corruption is widespread. But that report does not compel the conclusion that Wu would "more likely than not" become a political prisoner or, through imprisonment or any other means, be tortured by or with the acquiescence of the government if he returns to China. *See* 8 C.F.R. § 1208.16(c)(2); *Shrestha v. Holder*, 590 F.3d 1034, 1049 (9th Cir. 2010).

**PETITION DENIED.**